PEOPLE v FISHER (AFTER REMAND)

Docket No. 111583. Submitted January 10, 1989, at Lansing. Decided April 3, 1989.

Richard Erick Fisher was convicted of second-degree murder and sentenced to a prison term of forty to sixty years, Eaton Circuit Court, Richard M. Shuster, J. On appeal, the Court of Appeals affirmed the conviction, but remanded the case for a resentencing and instructed the sentencing judge to state on the record specific explanations for the sentence, which departed from the sentencing guidelines' recommended minimum sentence range of seven to sixteen years. 166 Mich App 699 (1988). On remand, the sentencing judge reread part of the original sentencing-hearing transcript into the record and reaffirmed the sentence originally imposed. Defendant appealed.

The Court of Appeals *held:*

The record on resentencing indicates that it was the opinion of the sentencing judge that a person who has attained sixty years of age is unlikely to commit a violent act like that for which defendant was convicted and that to assure society's safety it was necessary to incarcerate defendant until he attains the age of sixty-seven years. This rationale is inappropriate and derogative of the bases which underlie the sentencing guidelines. The sentencing judge abused his discretion to the extent that the sentence shocks the judicial conscience of this Court.

Remanded for resentencing before a different circuit judge.

CRIMINAL LAW — SENTENCING.

Incarcerating a defendant until he has attained an age at which the defendant, in the opinion of the sentencing judge, is unlikely to commit another crime similar to that for which he was convicted is an inappropriate reason for departing from the sentencing guidelines' recommended sentencing range.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

See the Index to Annotations under Sentence and Punishment.

*Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Donald L. Correll,* for defendant on appeal.

AFTER REMAND

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and CYNAR, JJ.

MICHAEL J. KELLY, P.J. This case was previously remanded for a resentencing. *People v Fisher,* 166 Mich App 699, 715; 420 NW2d 858 (1988). At the original sentencing, the circuit court sentenced defendant to forty to sixty years in prison, far beyond sentencing guidelines which recommended a minimum sentence range of seven to sixteen years. We remanded the case for resentencing to require the sentencing judge to state on the record his specific explanations for this considerable departure. On remand, the circuit judge again sentenced defendant to forty to sixty years in prison. Defendant has moved this Court for peremptory reversal of his sentence. He also asks that we remand this case for resentencing before a different judge. We hereby grant defendant's motion. We set aside his sentence and again remand defendant's case for resentencing, this time before a different circuit judge.

On remand, the sentencing judge merely reread part of the original sentencing transcript and "reaffirmed" defendant's original sentence of forty to sixty years. Our review of the transcript indicates that the sentencing court adopted the prosecutor's recommended sentence of forty to sixty years. The court recited the following justification for this severe sentence:

The note I made to myself before coming to court was that the defendant should either be sentenced for life or for a period of years whereby he would be incarcerated beyond the age of violence. That age normally that we look to where we find extremely seldom violent acts of this kind would be about 60 years of age, or somewhere in that range.

The defendant is 27 years old. In order for society to have some degree of assurance that the defendant would not do a like act under like circumstances, the defendant would have to be put in for a minimum of 33 years. That would get him to age 60. Forty years would get him to age 67.

This rationale is totally inappropriate, and derogates the bases for sentence reform which underlie the promulgation of the sentencing guidelines. The purpose of the sentencing guidelines is to ensure that criminal sentences are determined according to a consistent set of legally relevant factors which should be assigned equitable importance to all offenders. *People v Coles,* 417 Mich 523, 548, n 31; 339 NW2d 440 (1983). The sentencing court's reasoning was antithetical to this purpose. These were not proper departure reasons under *People v Fleming,* 428 Mich 408, 428-429; 410 NW2d 266 (1987). The trial court, in imposing defendant's sentence, abused its discretion to the extent that the sentence shocks our judicial conscience. Defendant must be resentenced. *Coles,* p 550. We therefore remand defendant's case for resentencing before a different circuit judge.

Remanded for resentencing consistent with this opinion.